[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum of decision addresses the plaintiff's motion for clarification submitted under date of June 23, 1998. That motion requested clarification of paragraph d., relating to child support orders, recorded at page 41 of the Memorandum of Decision re: Complaint for Dissolution of Marriage (Rubinow, J., October 31, 1997).[1] After hearing this date, the court responds as follows:
The child support orders are directed at the well-being of the parties' child, Katie. Any reference to the child "Ashley"[2] in the Memorandum of 10/31/97 was the result of scrivener's error. Accordingly, "Katie" should be substituted for "Ashley" in paragraph d., p. 40 of that decision.
While the child support orders contain no provision related to the method of determining or selecting any summer camp or summer school programs in which Katie may be enrolled, paragraph C.4, p. 40 of the parenting schedule identifies the defendant-father's responsibility for notifying the plaintiff-mother "with notice concerning Katie's planned summer school and/or camp activities no later than April 1st of each year." With regard to the cost of any such summer school and/or camp activities, paragraph d., p. 41 of the child support orders establishes that the cost of such "summer camp or summer school programs" shall be divided in half, and each parent shall be responsible for paying one half of this cost, separate and distinct from child support obligations as set forth in paragraphs b. and c. of the Memorandum of 10/31/97.
As noted in paragraph b., p. 40, the plaintiff is entitled to child support payments from the defendant during the school year, when the minor child resides primarily with the plaintiff according to the parenting schedule established in Memorandum of 10/31/97. During this period, the defendant shall pay child support to the plaintiff in the amount of $135 per week. The defendant shall also pay one half the cost of Katie's "summer camp or summer school programs", as noted above.
As noted in paragraph c., pp. 40-41, the defendant is entitled to child support payments from the plaintiff during the CT Page 15327 summer months, when the minor child resides primarily with the defendant according to the parenting schedule established in the Memorandum of 10/31/97. During this period, the plaintiff shall pay child support to the defendant in the amount of $100 per week. The Plaintiff shall also pay one half the cost of Katie's "summer camp or summer school programs", as noted above, but she shall have no further child support obligation to the defendant during the period of Katie's residence with the defendant-father in the summer months.
BY THE COURT,
N. Rubinbow, J.